FILED

JAN 2 4 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MOLECULAR NUTRITION, LLC. and<br>MN INTELLECTUAL PROPERTY<br>CORPORATION,<br><br>           Plaintiffs,<br><br>v.<br><br>SYNTRAX INNOVATIONS, INC.,<br>SI03, INC.,<br>SOMADYN, INC.,<br>CREATIVE COMPOUNDS, LLC., and<br>DEREK WAYNE CORNELIUS<br><br>           Defendants. | 1:06CV00013TCM<br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1.      Plaintiff Molecular Nutrition, LLC ("Molecular Nutrition") is a limited liability company organized and existing under the laws of the state of Florida, and has a principal place of business at  1410 Parklane South, #4; Jupiter, Florida  33458.  Molecular Nutrition is an established and internationally recognized manufacturer and distributor of nutritional supplements and other products for the sports nutrition industry.  Molecular Nutrition distributes and sells its products throughout the United States and in the Eastern District of Missouri Judicial District.

2.      Plaintiff MN Intellectual Property Corporation ("MN IP") is a corporation organized and existing under the laws of the state of Delaware, and has a principal place of business at 1410 Parklane South, #4, Jupiter, Florida 33458.

3.      Upon information and belief, Defendant Syntrax Innovations, Inc. ("Syntrax"), is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 145 West Yoakum Avenue, Chaffee, Missouri 63740, and manufactures, uses, sells and distributes nutritional supplements in the United States and in the Eastern District of Missouri Judicial District. This Defendant's place of business is within Scott County, which is within the Southeastern Division of this judicial district.

4.      Upon information and belief, Defendant SI03, Inc. ("SI03") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 185 Welch Pass #1, Cape Girardeau, Missouri 63701, and manufactures, uses, sells and distributes nutritional supplements in the United States and in the Eastern District of Missouri Judicial District. This Defendant's place of business is within Cape Girardeau County, which is within the Southeastern Division of this judicial district.

5.      Upon information and belief, Defendant Somadyn, Inc. ("Somadyn") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 145 West Yoakum Avenue, Chaffee, Missouri 63740, and manufactures, uses, sells and distributes nutritional supplements in the United States and in the Eastern District of Missouri Judicial District. This Defendant's principal place of business is within Scott County, which is within the Southeastern Division of this judicial district.

6.      Upon information and belief, Defendant Creative Compounds, LLC ("Creative Compounds") is a limited liability company organized and existing under the laws of the State of

Nevada, having a principal place of business at 209 Washington Avenue, Scott City, Missouri 63780, and imports nutritional supplements into the United States and manufactures, uses, sells and distributes the same in the United States and in the Eastern District of Missouri Judicial District. This Defendant's principal place of business is within Scott County, which is within the Southeastern Division of this judicial district.

7.      Upon information and belief, Defendant Derek Wayne Cornelius ("Cornelius"), an individual, resides at 3001 Wisteria #2, Cape Girardeau, Missouri 63701, and actively participates with Syntrax, SI03, Somadyn, and Creative Compounds, jointly and severally, to import nutritional supplements into the United States and manufactures, uses, sells and distributes the same in the United States and in the Eastern District of Missouri Judicial District. This Defendant's principal place of business is within Cape Girardeau County, which is within the Southeastern Division of this judicial district.

## JURISDICTION

8.      This action for patent infringement arises under the patent laws of the United States, Title 35, United States Code, and trademark infringement and unfair competition arises under the Trademark Act of 1946, as amended (the "Lanham Act"), Title 15, United States Code, Sections 1051, *et seq.*, and under the common law of the State of Missouri.  This Court has jurisdiction under Title 28, United States Code, Section 1331 since it is an action arising under the laws of the United States and 1338(a) since it is an action arising under an Act of Congress relating to patents and trademarks.  This Court has jurisdiction under Title 15, United States Code, Section 1121 since it an action arising under the Lanham Act.  This Court has supplemental jurisdiction pursuant to Title 28, United States Code, Section 1338(b) since it is an action asserting a claim of unfair competition joined with a substantial and related claim under

both the patent and trademark laws of the United States. This Court has supplemental jurisdiction over this Complaint since the state and federal claims derive from a common nucleus of operative facts.

9. Venue is properly laid in this judicial district pursuant to Title 28, United States Code, Sections 1391(b), 1391(c), and 1400(b). Venue is proper in the Southeastern Division of this Court because all Defendants either reside in or have their principal place of business in counties (Scott and Cape Girardeau) within the Southeastern Division of this Court, as set out in Local Rule 3-2.07(A)(3).

## MOLECULAR NUTRITION'S ARACHIDONIC ACID PATENTED PRODUCT

10. Prior to November 27, 2002, inventor William Charles Llewellyn, as a part of his research and study into nutritional supplements, invented a new, novel and unobvious use of arachidonic acid for increasing skeletal muscle mass.

11. On January 11, 2005, United States Letters Patent No. 6,841,573 (the "'573 patent") was duly and legally issued to MN Intellectual Property Corporation for William Charles Llewellyn's invention entitled "Use of Arachidonic Acid as a Method of Increasing Skeletal Muscle Mass" and since that date plaintiff has been its owner. MN Intellectual Properties, Corporation is a holding company for Molecular Nutrition, LLC and its intellectual property assets. A true and correct copy of the '573 patent is attached hereto as Exhibit D and is incorporated herein by reference.

12. Since about 2002, Molecular Nutrition has sold a specially sized nutritional supplement product in the United States and this Judicial District known as Arachidonic Acid under the name and mark **X FACTOR**. The labels and marketing material for Molecular Nutrition's products sold under the **X FACTOR** mark feature the word "Factor" on top of an

4

enlarged letter "X."  Attached and made a part hereof as Exhibit A are product labels bearing Molecular Nutrition's **X FACTOR** mark.

13. Molecular Nutrition's Arachidonic Acid product sold under its **X FACTOR** mark has been well and favorably received in the marketplace.  The **X FACTOR** mark is well known for and associated with high quality nutritional supplements.

14. There is a significant market for nutritional supplements in the United States and this district.

15. Sales by Molecular Nutrition of its Arachidonic Acid product under its **X FACTOR** mark since its introduction to the marketplace have been substantial.

16. Molecular Nutrition exercises strict quality control measures over its nutritional supplement products sold under its **X FACTOR** name and mark.

17. Molecular Nutrition has spent a substantial amount of time and money promoting its nutritional supplement products sold under its **X FACTOR** name and mark.

18. As a result of its efforts, Molecular Nutrition has developed valuable rights in the **X FACTOR** name and mark.  Consumers have come to recognize nutritional supplement products sold under its **X FACTOR** name and mark as emanating exclusively from Molecular Nutrition.

19. Molecular Nutrition's products sold under the **X FACTOR** mark have garnered a great deal of favorable unsolicited publicity including but not limited to magazine articles.

20. In consequence of the efforts and expenditures of Molecular Nutrition, substantial goodwill has been developed in the United States for the nutritional supplement products sold under Molecular Nutrition's **X FACTOR** name and mark.

21. As a result of Molecular Nutrition's extensive and exclusive use of the **X FACTOR** name and mark, and as a result of the enormous public exposure garnered through sales, promotion and unsolicited gratuitous publicity, including word of mouth, the **X FACTOR** name and mark has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for Arachidonic Acid products sold under the **X FACTOR** mark.

## DEFENDANTS' WRONGFUL ACTS

22. Upon information and belief, since at least about January 11, 2005, Defendants Syntrax, SI03, Somadyn, and Cornelius have been and are now offering Arachidonic Acid products which infringe the patent rights of Molecular Nutrition and sell the same under the name and mark **ADONIS X**. The labels feature the word Adonis on top of an enlarged letter "X." Copies of a photograph with promotional labeling bearing the **ADONIS X** mark are attached and made a part hereof as Exhibit C.

23. Upon information and belief, since about December, 2005, Defendants Syntrax, SI03, Somadyn, and Cornelius have been offering Arachidonic Acid products substantially identical to the infringing product ADONIS X with an intent to continue the infringement and the inducement to infringe the patent rights of MN IP under the name and mark HYPER H. Copies of photographs of a HYPER H bottle with label is attached and made a part hereof as Exhibit B.

24. Upon information and belief, since at least about January 11, 2005, Defendants Syntrax, SI03, Somadyn, and Cornelius have been on notice of United States Patent No. 6,841,573.

25. Defendants Syntrax, SI03, Somadyn, and Cornelius have willfully and knowingly adopted, advertised, and used a mark that includes an enlarged letter X to identify their products for the purpose of trading on the goodwill of Molecular Nutrition in the nutritional supplement industry.

26. The public is likely to be misled or deceived by the false impression arising from Defendants' use of a mark including an enlarged letter X.

27. Defendants' continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Molecular Nutrition's customers and potential customers and Defendant Syntrax, SI03, Somadyn, and Cornelius' customers and potential customers and a willful and bad faith attempt to trade on Molecular Nutrition's goodwill by implying a similarity, identity, connection, or relationship between Defendants Syntrax, SI03, Somadyn, and Cornelius and Plaintiff Molecular Nutrition. As a result of this infringing activity, Defendants have been and will be unjustly enriched.

28. The offering for sale, the advertising for sale, and the sale by Defendants of nutritional supplements under a mark featuring an enlarged letter X is likely to cause confusion, mistake, and deception as to the source and origin of Defendants' goods.

## COUNT I

### PATENT INFRINGEMENT

29. On January 11, 2005, United States Letters Patent No. 6,841,573 (the "'573 patent") was duly and legally issued to MN IP under an assignment from William Llewellyn for an invention entitled "Use of Arachidonic Acid as a Method of Increasing Skeletal Muscle Mass" and since that date MN IP has been its owner. A true and correct copy of the '573 patent is attached hereto as Exhibit D and is incorporated herein by reference.

30. Defendants, jointly and severally, are willfully infringing, contributing to, or inducing the infringement of the '573 patent by importing, making, selling, and offering for sale arachidonic acid used for increasing muscle mass, including Adonis X and Hyper H, and will continue to do so unless enjoined by this Court.

31. As a result of Defendants' willful, wanton and deliberate acts, Plaintiffs have suffered and will continue to suffer irrevocable damages in its trade and business.

32. As a result of Defendants' willful, wanton and deliberate acts, Plaintiffs have suffered monetary damages by reason of Defendants' infringement of the '573 patent, the amount of damages being presently unknown.

33. As a result of Defendants' willful, wanton and deliberate acts, Plaintiffs have sustained irreparable harm to its business, and unless Defendants are enjoined and restrained by this Court, Defendants will continue in the activities alleged herein and as a result thereof, Plaintiffs will continue to sustain irreparable harm to the business.

34. Plaintiff MN IP has no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION

35. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 – 34 as if fully set forth herein.

36. The offering of nutritional supplements by Defendants under a mark featuring an enlarged letter X is likely to cause confusion amongst consumers, especially consumers of sports nutritional products, with the goods of Molecular Nutrition and MN IP.

37. Defendants' use of a mark featuring an enlarged letter X is without the permission or authorization of Molecular Nutrition and MN IP.

8

38.     The class of customers for the goods sold by Defendants is the same as the class of customers to whom Molecular Nutrition and MN IP offers their nutritional products.

39.     In view of the identical nature of the parties' nutritional products, the confusing similarity caused by use of a mark featuring an enlarged letter X, the identical channels of trade and classes of purchasers of the parties' nutritional products, Defendants' continued use of a mark featuring an enlarged letter X is likely to cause confusion, mistake and deception among purchasers and the public generally, leading them to believe, falsely, that Defendants' nutritional products are those of, sponsored or approved by, or are in some way connected with Molecular Nutrition and MN IP, to the irreparable injury of Molecular Nutrition, MN IP and of the public. Despite such a likelihood of public confusion, mistake or deception, Defendants have continued to use and are presently using the mark featuring an enlarged letter X and disregarding Molecular Nutrition and MN IP's demand that Defendants cease this activity.

40.     Upon information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Molecular Nutrition and MN IP's rights in their proprietary mark and of the valuable good will of Molecular Nutrition and MN IP's business, thereby unlawfully benefiting Defendants.

41.     Upon information and belief, the continued use of a mark featuring an enlarged letter **X** by Defendants in connection with nutritional products will be likely to injure the business and reputation of Molecular Nutrition and MN IP, and will dilute the distinctive quality of Molecular Nutrition and MN IP's source identifying mark.

42.     The acts complained of actually deceive and are likely to deceive the public into believing, falsely, that Defendants' nutritional products are those of, and are sponsored or approved by, or are in some way connected with Molecular Nutrition MN IP, all to the

irreparable injury of Molecular Nutrition and MN IP's trade and goodwill and to the injury of the public.

43. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

## COUNT III

### MISSOURI COMMON LAW TRADEMARK INFRINGEMENT

44. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 – 43 as if fully set forth herein.

45. On information and belief, the acts of Defendants, as heretofore alleged, have been done with the intent to deceive the public, for the purpose of misappropriation of Molecular Nutrition MN IP's valuable goodwill and proprietary interest in Molecular Nutrition and MN IP's source-identifying **X FACTOR** mark, and in undertaking such actions, Defendants acted to cause injury to Molecular Nutrition and MN IP, all of which constitutes common law trademark infringement under Missouri law.

46. The aforesaid acts of Defendants are greatly and irreparably damaging to Molecular Nutrition and MN IP, and will continue to be greatly and irreparably damaging to Molecular Nutrition and MN IP unless enjoined by this Court.

## COUNT IV

### MISSOURI UNFAIR COMPETITION

47. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 – 46 as if fully set forth herein.

48. Defendants' use of a mark featuring an enlarged letter **X** is likely to, and does, permit Defendants to "palm off" nutritional products as those of Molecular Nutrition and MN IP, which is to the detriment of Molecular Nutrition and MN IP and unjustly enriches Defendants.

49. The aforesaid acts of Defendants are greatly and irreparably damaging to Molecular Nutrition and will continue to be greatly and irreparably damaging to Molecular Nutrition unless enjoined by this Court, and Molecular Nutrition is without an adequate remedy at law.

WHEREFORE, Plaintiff Molecular Nutrition and MN IP pray for the following relief:

A. A preliminary and a permanent injunction against Cornelius and the other Defendants, their agents, servants, employees, and all persons in active concert or participation with, through, or under them, from infringing the '573 patent pursuant to the provisions of Title 35, United States Code Section 283.

B. An award of joint and several liability for damages to be determined at trial against Cornelius and the other Defendants that is sufficient to compensate Plaintiff MN Intellectual Property Corporation and Molecular Nutrition, LLC for its damages pursuant to the provisions of Title 35, United States Code Section 284.

C. An Order trebling the amount of such damages determined under Paragraph B above pursuant to the provisions of Title 35, United States Code Section 284 and 285.

D. A preliminary and a permanent injunction against Cornelius and the other Defendants, their agents, servants, employees and all persons in active concert on participation with, through, or under them from (1) using an identifying mark featuring an enlarged letter X or any colorable imitation thereof upon in connection with Defendants' nutritional products, advertising or promotional material; (2) in any manner imitating Molecular Nutrition and MN

IP's proprietary and sources identifying X FACTOR mark for the purposes of acquiring Molecular Nutrition and MN IP's trade and goodwill by imitation, fraud, mistake or deception; and (3) unfairly competing with Molecular Nutrition and MN IP in any manner whatsoever.

E. An Order holding that Defendants' activities complained of constitute Federal Trademark Infringement, Missouri Common Law Trademark Infringement, Federal Unfair Competition and Common Law Unfair Competition.

F. An Order that Cornelius and the other Defendants, their agents, servants, employees, and all persons in active concert or participation, and all others acting under their direction or control or in concert with them, or any of them, be ordered to deliver up for destruction all advertising materials, promotional materials, flyers, signs, and any and all other materials which bear a mark featuring an enlarged letter X.

G. An award of joint and several liability for damages to be determined at trial against Cornelius and the other Defendants that is sufficient to compensate Plaintiff Molecular Nutrition and MN IP for its damages for Federal Unfair Competition, Missouri Common Law Trademark Infringement, and Missouri Unfair Competition.

H. An Order trebling the amount of such damages determined under Paragraph G and for profits and costs pursuant to Title 15, United States Code Section 1117.

I. Such other relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff hereby demands trial by jury of issues properly tried to a jury.

Dated: January **24**, 2006

Of Counsel:
HOLLAND & KNIGHT, LLP
James H. Laughlin, Jr.
John P. Moran
Thomas S. Valente
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Facsimile: (202) 955-5564

**LIMBAUGH, RUSSELL, PAYNE & HOWARD**
2027 Broadway, P.O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone: (573) 335-3316
Facsimile: (573) 335-0621

By _/s/ J. Michael Payne_
J. Michael Payne #25777

ATTORNEYS FOR PLAINTIFFS